■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY M. CABAN, Also Known as RICHARD SANTERAMO, Appellant.—Kane, J. P. Appeal, by permission, from an order of the County Court of Albany County (Turner, Jr., J.), entered December 20, 1984, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting

---

* Defendant's appellate attorney is the same attorney who represented defendant at County Court.

him of the crime of criminal possession of a controlled substance in the second degree, without a hearing.

Defendant was indicted for one count of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]). Subsequently, pursuant to plea negotiations, he pleaded guilty to the crime of criminal possession of a controlled substance in the second degree (Penal Law § 220.18) and was sentenced in accordance with the plea bargain to a prison term of 8⅓ years to life.

Defendant appealed his conviction, which was affirmed without opinion by this court (99 AD2d 931). Thereafter, defendant moved pursuant to CPL article 440 for an order vacating his conviction. In his motion, defendant argued that the plea colloquy was insufficient and that he was denied effective assistance of counsel. County Court, without a hearing, denied defendant's motion and this appeal, by permission, ensued.

First, we have reviewed the plea colloquy and find it to be sufficient. Moreover, adequate appellate review of this issue was available upon appeal from the judgment of conviction. Accordingly, this aspect of the motion was properly denied (see, CPL 440.10 [2]).

Second, a review of the record reveals that there is no merit to defendant's contention that he was denied effective assistance of counsel. Defense counsel obtained a plea to the lesser charge of criminal possession of a controlled substance in the second degree with a sentence of 8⅓ years to life, whereas defendant was indicted for criminal possession of a controlled substance in the first degree, with a possible sentence of 25 years to life (see, Penal Law § 70.00). It cannot be said that counsel's advice to defendant to accept this plea offer prior to the suppression hearing constituted ineffective assistance of counsel. Defendant has simply failed to set forth sufficient facts to make a prima facie showing of ineffective assistance of counsel and, therefore, defendant's motion was properly denied without a hearing.

Order affirmed. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.